The Court, per
Hornblower, C. J.
On the argument of the motion to set aside this judgment, on the ground that nothing was due to the plaintiff at the time the judgment was entered, a number of affidavits were read, which had been taken under a rule of this court. The result was, that the court was satisfied, that at the time of entering the judgment, there was nothing due from one of the defendants, and that the whole amount for which the judgment had been entered, was not due from the other defendant. But whether any thing, or if any thing, how much' remained due from the other defendant, the court were unable determine from the evidence before them. We therefore, gave the-subsequent judgment creditor, at whose instance the inquiry was-instituted, a right to require, that the plaintiff should file a declaration on the note, for the amount of which the judgment had' been confessed, and that upon a proper issue joined, a jury should assess the amount due. The plaintiff having filed a declaration, the counsel for the creditors have put in a plea of payment, with a notice of set-off*. The plaintiff thereupon demanded a bill of particulars, and we are now called upon for a rule on the party standing in the place of the defendant, to furnish a particular or be precluded.
We do not think it a case for a, particular. It is not a suit at common law, according to the course of the court under the practice act: but in the nature of an inquest to inform the conscience of the court, and to be conducted upon such principles and in such way as the court shall direct.
This being a confessed judgment, we claim to exercise an equitable control over it. If a subsequent judgment creditor seeks to impeach it for fraud, upon a proper case made,, we would direct a feigned issue to try the question, whether fraudulent or not. But if such judgment creditor does not set up fraud, but insists, that upon a proper settlement between the parties, there *306 is not so much due the plaintiff as appears by the record, it is the duty of the court to institute such inquiry as will lead to a just ascertainment of the amount actually due. This proceeding is therefore entirely under the direction of the court, and we therefore direct, that to a declaration on the note, the creditor may put in the plea of payment, by the defendant. That under that plea, the creditor be at liberty to show, that the debt had been paid or satisfied either before or after the judgment. That the parties may read the affidavits heretofore read in the cause, and give such further evidence as they may see proper. But if the creditor intends to rely upon other payments, or other facts than those disclosed by the affidavits, that he shall give notice of them to the plaintiff, in writing, at least ten days before the trial of the cause. ' Directions given.

Rule Refused.